UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARGARET F. NELSON,<br><br>    Plaintiff,<br><br>  v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>    Defendant. | CASE NO.   C04-5386JKA<br><br>ORDER AFFIRMING<br>ADMINISTRATIVE DECISION |

Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the administration's final decision denying plaintiff's application for social security benefits. This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been briefed and after reviewing the record, the Court affirms the Social Security Administration's decision denying plaintiff's application for social security benefits.

Plaintiff argues the ALJ erred in the following manner: (i) the administrative law judge (ALJ) failed to adequately and properly evaluate her lower back pain and uterine bleeding as severe impairments; (ii) the ALJ failed to conclude plaintiff's obesity met or equaled a listed impairment; (iii) the ALJ misconstrued plaintiff's activities of daily living to discredit her testimony; and (iv) the ALJ erroneously found plaintiff was capable of performing a significant range of sedentary work.

DISCUSSSION

ORDER
Page - 1

1    The Court must uphold the administrations's determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Fife v. Heckler</u>, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. <u>Sorenson v. Weinberger</u>, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); <u>Carr v. Sullivan</u>, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the administrative decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the parties briefs and the administrative record, the court finds and orders as follows.

1. Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; <u>Yuckert v. Bowen</u>, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added). Plaintiff bears "the burden of proving that [her] impairments or their symptoms affect [her] ability to perform basic work activity." <u>Edlund v. Massanari</u>, 253 F.3d 1152, 1159-60 (9th Cir. 2001).

The ALJ in this case properly concluded Ms. Nelson failed to provide sufficient evidence to show she is severely impaired due to uterine bleeding or lower back pain. As noted by the ALJ, "no medical source reported objective findings or signs to support any severe back impairment." Tr 24. Ms. Nelson was seen and evaluated by Dr. Haynie on May 12, 2001, and Dr. Haynie described plaintiff's back pain as mild tenderness, with no pain in the sacroiliac joint. Dr. Haynie rated plaintiff's strength as 5/5. Based on

all of Plaintiff's impairments, she opined that Plaintiff could stand and walk two hours in an eight-hour day with normal breaks, sit without restriction, lift ten pounds frequently and twenty pounds occasionally, and had limitations on her ability to stoop, crouch, and bend. Tr. 267-268. The ALJ adopted this assessment in full, even though she found that plaintiff had not produced sufficient evidence to show that she suffered from a low back impairment. Tr. 24, 27.

Similarly, the ALJ did not find evidence showing plaintiff suffered from uterine bleeding to the extent necessary to constitute a severe impairment. The medical evidence, noted by the ALJ, shows that in 1999 and 2000, Ms. Nelson controlled this impairment through medication. Tr. 25, 236. On June 27, 2000, plaintiff reported doing well and that her last menstrual period was about a year earlier. Tr. 228. Plaintiff did not further report any bleeding until December 2000, and at that time Dr. Nickel suggested she try different hormone options to control her bleeding or a hysterectomy. Tr. 253. The record shows no complaints of bleeding in 2001. On February 20, 2002, Dr. Mead performed a fractional dilation and curettage, to relieve Plaintiff's abnormal vaginal bleeding. Tr. 311. Plaintiff's next complaint of uterine bleeding was on July 31, 2002. Tr. 314. In August 30, 2002, Dr. Mead noted that since June 11, 2002, plaintiff had been bleeding "off and on" and even then, only at times was it heavy and prolonged. Tr. 310. This evidence supports the ALJ analysis of this impairment. The evidence shows Ms. Nelson has had a medical problem with uterine bleeding, but it does not show it adversely affected her ability to work on a routine basis.

2. If the claimant has an impairment(s) which has lasted or can be expected to last for not less than 12 months, and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment(s), the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d). To meet a Listing, Plaintiff must show that her impairment is so extreme as to constitute disability per se, without regard to any further consideration of her age, education, and/or work experience. Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990). A finding of equivalence must be based on medical evidence only. 20 C.F.R. §§ 404.1529(d)(3), 416.929(d)(3). Plaintiff bears the burden of establishing that she met all requirements of the Listing. Roberts v. Shalala, 66 F.3d 179, 182 (1995). Further, Plaintiff must present a plausible theory as to how her impairments equaled a Listing. Lewis v. Apfel, 236 F.3d 503, 514 (9th Cir. 2001).

ORDER
Page - 3

1   Plaintiff argues that her obesity, low back pain, and bilateral knee impairment, in combination, equaled Listing 1.02A. This listing requires a major dysfunction of a joint characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion. In addition, there must be findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint with involvement of one major peripheral weight-bearing joint (i.e., hip, knee or ankle) resulting in an inability to ambulate effectively. *See* 20 C.F.R. pt.404, subpt. P., app. 1, § 1.02A. An inability to ambulate effectively is defined as

> an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation with the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. pt.404, subpt. P., app. 1, § 1.00B(2)(b).

Plaintiff has shown no evidence of a need to use any assistive device for walking. Further, Plaintiff has shown no evidence of joint narrowing, bony destruction or ankylosis of any joint, also required by Listing 1.02A. The ALJ properly concluded Ms. Nelson's condition(s) or combination thereof did not meet or equal a listed impairment.

3. In the absence of evidence of malingering, the ALJ is required to provide clear and convincing reasons to reject a claimant's testimony, once the claimant has shown that he has an objective medical impairment that could reasonably be expected to produce some pain. *See* <u>Smolen v. Chater</u>, 80 F.3d 1273, 1281-1282 (9th Cir. 1996) (*quoting* <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1407 (9th Cir. 1986)). Questions of credibility are solely within the control of the ALJ. <u>Sample v. Schweiker</u>, 694 F.2d 639, 642 (9th Cir.1982). The district court should not attempt to "second-guess" this credibility determination. <u>Allen v. Heckler</u>, 749 F.2d 577, 580 (9th Cir.1984). Most importantly, the district court may not reverse a credibility determination where the determination is based on contradictory or ambiguous evidence. <u>Id.</u> at 579.

An ALJ may reject a claimant's subjective pain complaints, if the claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job. <u>Fair v. Bowen</u>, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in <u>Fair v. Bowen</u>, *supra*, and <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require

ORDER
Page - 4

that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

Plaintiff argues the ALJ failed to properly consider her activities of living to discredit her testimony.  She alleges that her care of her twelve-year old nephew was not physical and just involved "overseeing" his activities and doing such activities as cooking and laundry.  However, the ALJ noted that her nephew operates at the age of a six-year old and is so disabled as to qualify for Social Security benefits.  The ALJ appropriately found that this level of care was inconsistent with Plaintiff's allegations of care being provided.   The ALJ also noted that Plaintiff's testimony was inconsistent with the medical evidence.  As noted above, plaintiff alleged disability due to uterine bleeding, but the medical evidence does not support more than an intermittent problem.  Finally, the ALJ properly relied on inconsistencies between testimony at the hearing and information in the medical record regarding plaintiff's use of alcohol to discredit plaintiff's testimony.  Accordingly, the ALJ properly evaluated the evidence and gave sufficient reasons to discredit Ms. Nelson's claims of total disability.

4. Plaintiff's final argument – that the ALJ erred when she concluded plaintiff was capable of performing a certain range of sedentary work – is premised on the allegations that the ALJ failed to properly consider Ms. Nelson's testimony, failed to properly consider plaintiff's obesity, and failed to find low back pain and uterine bleeding as severe impairments.  As discussed above, the court was not persuaded by these assigned errors and arguments.  Accordingly, the ALJ's residual functional capacity was properly supported by the record and the ALJ's finding that Ms. Nelson was capable of doing certain types of sedentary jobs is properly supported by the record.

5. The Court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 9th day of August, 2005.

/s/ J. Kelley Arnold  
J. Kelley Arnold  
U.S. Magistrate Judge